## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **KEVIN MORAN** | No. **3:22-CV-1298** |
| 5 Beechwood Drive | |
| Chalfont, Pennsylvania 18914 | |
| and | |
| **OLIVIA KAMM (MORAN)** | |
| 193 Henry Avenue | |
| Warminster, PA 18974 | |
| and | |
| **KAYLA MORAN** | |
| 5 Beechwood Drive | |
| Chalfont, Pennsylvania 18914 | |
|  | |
| vs. | |
|  | |
| **SUSAN C. MORAN** | |
| 430 Pennington-Titusville Road | |
| Titusville, New Jersey 08560 | |

## COMPLAINT

**I.    PARTIES**

1.      Plaintiff, Kevin Moran is an adult individual who resides at 5 Beechwood Drive, Chalfont, Bucks County, Pennsylvania.

2.      Plaintiff, Olivia Kamm (Moran) is an adult individual who resides at 193 Henry Avenue, Warminster, Bucks County, Pennsylvania.

3.      Plaintiff, Kayla Moran is an adult individual who resides at 5 Beechwood Drive, Chalfont, Bucks County, Pennsylvania,

4.      Defendant, Susan C. Moran, is an adult individual who at all times relevant hereto has resided at 430 Pennington-Titusville Road, Titusville, New Jersey.

5.      At all times relevant hereto, Lisa Hare was the former spouse of Joseph V. Moran, Deceased.

6.      At all times relevant hereto, Plaintiffs, Kevin Moran, Olivia Kamm (Moran) and Kayla Moran were the children born of the marriage of Plaintiff, Lisa Hare and Joseph V. Moran, Deceased.

7.      At all times relevant hereto, Defendant, Susan C. Moran, was the spouse of Joseph V. Moran at the time of his death on November 5, 2020.

## II.     JURISDICTION

8.      Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

9.      The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendant resides in the District.

11.     The laws of the Commonwealth of Pennsylvania apply to this action as the Commonwealth of Pennsylvania has the most significant contacts to this action.

## III.    FACTS

13.     Lisa Hare and Joseph V. Moran (deceased) were married on February 27, 1993.

14.     Lisa Hare and Joseph V. Moran had three children, Kevin Moran, born on March 1, 1996; Olivia Kamm (Moran), born on May 22, 1998; and Kayla Moran, born on March 27, 2000 and the family lived together in Chalfont, Pennsylvania.

15.     On August 7, 2009, Plaintiff, Lisa Hare and Joseph V. Moran divorced in Bucks County, Pennsylvania.

16.     During their marriage and thereafter, Joseph V. Moran maintained a policy of life insurance on his life through IEEE with New York Life Insurance Company which listed his

children, Kevin, Olivia and Kayla as irrevocable beneficiaries and which provided a death benefit

of $740,000 (the "NY Life Insurance Policy")

17.     During their marriage and thereafter, Joseph V. Moran had always promised Lisa

Hare, that he would maintain the NY Life Insurance Policy for the benefit of his three children

until at least the time that his youngest child, Plaintiff, Kayla Moran, graduated from college.

18.     In or about July 2009, Lisa Hare and Joseph V. Moran, entered into a certain

undated Property Settlement Agreement in Bucks County, Pennsylvania, which provided for the

equitable distribution of their marital assets and other matters relating to the dissolution of their

marriage and the care of their children (the "Property Settlement Agreement"). A true and correct

copy of the Agreement is attached hereto, made a part hereof and marked as Exhibit "A".

19.     The Property Settlement Agreement was negotiated and executed as part of divorce

proceedings instituted in the Court of Common Pleas of Bucks County, Pennsylvania and valuable

consideration was paid as part of that agreement.

20.     In the Property Settlement Agreement, Joseph V. Moran reiterated his promises to

maintain NY Life Insurance Policy for the benefit of the children until the parties' youngest child

graduates from college or turns 23, whichever occurs sooner.

21.     In or about May 16, 2019, Joseph V. Moran was diagnosed with cancer and

thereafter underwent extensive and prolonged medical treatment.

22.     On or about October 1, 2020, Joseph V. Moran and his family learned that Joseph

V. Moran's cancer was terminal.

23.     Throughout his lifetime and up until the day of his death, Joseph V. Moran

maintained a close relationship with all his children; seeing them regularly, including, attending

his daughter, Olivia's wedding on October 30, 2020 and had assured his family that he had provided for his children in the face of his imminent demise.

24.     On November 5, 2020, Joseph V. Moran died.

25.     Following the death of their father, Plaintiffs, Kevin Moran, Olivia Kamm (Moran) and Kayla Moran learned from New York Life Insurance Company that that they had been removed as irrevocable beneficiaries from the NY Life Insurance Policy and that Defendant, Susan C. Moran has been substituted as the sole beneficiary of that policy and its proceeds had been paid to her.

26.     At the  time of Joseph V. Moran's death Plaintiff, Kayla Moran was 21 years of age and has at all times relevant hereto been a full-time college student at West Chester University.

27.     After the death of Joseph V. Moran, his children learned that he had left them nothing.

28.     The Property Settlement Agreement provides in paragraph 28 that "the Agreement shall be binding upon and shall inure to the benefit of the parties to this Agreement and to their respective heirs, executors, administrators, successors and agents."

29.     The Property Settlement Agreement provides in paragraph 24.2 that "[s]ubject matter and venue shall be proper in the Court of Common Pleas of Bucks County, Commonwealth of Pennsylvania for any action arising out of this Agreement, including resolving any disputes between the parties.  Said court shall have personal jurisdiction over the parties with respect to any such action.  Service of process upon each party shall be made pursuant to paragraph 33 of this Agreement."

30.     The Property Settlement Agreement provides in paragraph 31 that "regardless of where they may reside or be domiciled in the future and regardless of the situs of any of the parties;

real and/or personal property, this Agreement shall be construed in accordance with the laws of the Commonwealth of Pennsylvania which are in effect as of the date of execution of this Agreement."

## IV.   CAUSE OF ACTION

### COUNT I
### Kevin Moran, Olivia Kamm (Moran) and Kayla Moran v. Susan C. Moran
(Unjust Enrichment)

31.  Plaintiffs, Kevin Moran, Olivia Kamm (Moran) and Kayla Moran, hereby incorporate the foregoing paragraphs by reference as fully as though they were set forth herein at length.

32.  In or about July 2009, Plaintiff, Lisa Hare and Joseph V. Moran, Deceased, entered into a written Property Settlement Agreement in Bucks County, Pennsylvania in which Joseph V. Moran, Deceased, promised to list his three children, Plaintiffs, Kevin Moran, Olivia Kamm (Moran) and Kayla Moran as irrevocable beneficiaries on the NY Life Insurance Policy until at least such time as Plaintiff Kayla Moran had graduated college or reached the age of 23, whichever occurred first.

33.    Joseph V. Moran died on November 5, 2020 and at the time of his death, his youngest daughter, Kayla Moran, was a full-time college student and was only 21 years of age.

34.    Plaintiffs, Kevin Moran, Olivia Kamm (Moran) and Kayla Moran were designated beneficiaries of the agreement entered into between Lisa Hare and Joseph V. Moran, Deceased and are rightfully entitled to the proceeds of the NY Life Insurance Policy.

35.    The promise to maintain the NY Life Insurance Policy in favor of Plaintiffs, Kevin Moran, Olivia Kamm (Moran) and Kayla Moran in the Property Settlement Agreement vested in them an equitable interest in the proceeds of the policy that is superior to that of Defendant, Susan C. Moran, a stranger to that agreement, who was subsequently named gratuitously as beneficiary.

36.     Upon information and belief, Defendant, Susan C. Moran, has wrongfully secured the proceeds of the NY Life Insurance Policy by changing or causing the change of beneficiaries to herself without Joseph V. Moran's knowledge or when he was incapacitated and/or unable to express his rightful intentions or in the alternative, Defendant, Susan C. Moran passively received the proceeds of that policy without consideration through no fault of her own.

37.     Defendant, Susan C. Moran, has been unjustly enriched by the improper changing of the beneficiaries from Plaintiffs, Kevin Moran, Olivia Kamm (Moran) and Kayla Moran.

38.     Plaintiffs, Kevin Moran, Olivia Kamm (Moran) and Kayla Moran have suffered the loss of the value of the proceeds of the NY Life Insurance Policy in the amount of $740,000.

39.     It would be unjust and inequitable for Defendant, Susan C. Moran, to receive and/or retain the proceeds of the NY Life Insurance Policy under the circumstances.

**WHEREFORE**, Plaintiffs, Kevin Moran, Olivia Kamm (Moran) and Kayla Moran, request this Honorable Court to enter judgment against Defendant, Susan C. Moran in the amount of $740,000.00 plus interest and costs of this suit and such other relief as this Honorable Court shall deem just and reasonable under the circumstances.

The Plaintiffs demand a trial by jury on all issues set forth in the Complaint.

Respectfully submitted:

**THOMAS, THOMAS & HAFER, LLP**

Dated:  March 10, 2022                          /s/ *Monica E. O'Neill, Esquire*
                                                Monica E. O'Neill, Esquire
                                                Four Penn Center, Suite 620
                                                1600 John F. Kennedy Boulevard
                                                Philadelphia, PA 19103
                                                215-564-2928
                                                Fax: 215-564-3281
                                                E-Mail: moneill@tthlaw.com